UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| HENRY CLAY HERN, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:21-CV-262-HAB-SLC |
| ALLEN COUNTY JAIL, | |
| Defendant. | |

OPINION AND ORDER

Henry Clay Hern, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Still, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. The court applies the same standard as when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal quotation marks and citation omitted).

Hern, who is incarcerated at the Allen County Jail, had a blood clot and an ulcer in his leg during June 2021. He alleges the jail doctor and the Parkview Hospital "seduced" him to return to wound care in one week. ECF 1 at 3. However, it has been four weeks, and he has not been returned to the hospital for treatment. He claims his leg is sore and it has more scar tissue on it now. He has sued the Allen County Jail and seeks monetary damages for pain and suffering and "mental anguish." *Id*. at 4.

A person alleging a violation of a federal right may bring a civil action under 42 U.S.C. § 1983 to remedy that violation. But § 1983 has limits on the types of violations it covers and on the people or entities that may be sued. Hern has not named a defendant who is amenable to suit on these claims. He has sued the Allen County Jail. But the jail is a building; it is not a person or a policy-making unit of government that can be sued for constitutional violations under 42 U.S.C. § 1983. *See Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (jail is not a suable entity); *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) (same, applying Indiana law). Thus, he cannot proceed against the Allen County Jail, and the complaint must be dismissed.

Additionally, even if he had named a proper defendant, his claims would still fail. Under the Constitution, inmates are entitled to constitutionally adequate medical care. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Assuming for the sake of this order that Hern is a pretrial detainee, his claims must be assessed under the Fourteenth Amendment. *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). "[M]edical-care claims brought by pretrial detainees under the Fourteenth Amendment are subject only to the objective unreasonableness inquiry identified in *Kingsley* [*v.*

*Hendrickson*, 576 U.S. 389 (2015)]." *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). The first consideration is "whether the medical defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of plaintiff's case." *McCann v. Ogle Cnty.*, 909 F.3d 881, 886 (7th Cir. 2018) (quotation marks, brackets, and citations omitted). Then, the court considers "whether the challenged conduct was objectively reasonable," based on the totality of the facts and circumstances. *Id.*

Hern alleges a delay in medical treatment, but he does not provide sufficient details to support a plausible claim. The complaint is short on facts, dates, and specifics about the medical treatment he has received. Based on what it does say, it is not plausible to infer that he is not receiving constitutionally adequate medical care. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations, and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better

than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

This complaint does not state a claim for which relief can be granted. That said, Hern may file an amended complaint if he has additional facts which he believes would state a claim because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *see also Luevano v. Wal-Mart*, 722 F.3d 1014, 1022–25 (7th Cir. 2013). If he chooses to do so, it should be done on the court's approved form, which will be sent to him by the clerk.

Nor did Hern pay the filing fee or submit an in forma pauperis motion accompanied by his trust fund ledgers for the past six months as required by 28 U.S.C. § 1915(a)(2). To proceed with this case, Hern must either immediately pay the filing fee in full or file a motion for leave to proceed in forma pauperis. If he chooses to file a motion for leave to proceed in forma pauperis, he should use this court's approved form—which will be sent to him by the clerk—and must attach his jail account ledgers for the last six months.

For these reasons, the court:

**(1)** DIRECTS the clerk to write this cause number on a blank **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form and a blank **Prisoner Motion to Proceed In Forma Pauperis AO 240 (Rev. 7/10) (INND Rev. 8/16)** form and send both to Henry Clay Hern;

4

(2) GRANTS Henry Clay Hern until **August 16, 2021**, to file an amended complaint and to resolve his filing fee status as described above; and

(3) CAUTIONS Henry Clay Hern if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on July 13, 2021.

                                                s/ Holly A. Brady
                                                JUDGE HOLLY A. BRADY
                                                UNITED STATES DISTRICT COURT